WORKINGMAN'S COOPERATIVE ASSOCIATION OF THE UNITED INSURANCE LEAGUE OF NEW YORK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9067. Promulgated November 28, 1927.

*H. B. Salisbury*, for the petitioner.
*D. D. Shepard, Esq.*, for the respondent.

MURDOCK: The Commissioner has determined that there is a deficiency of $4,970.30 in the petitioner's income and profits taxes for the calendar year 1920. The petitioner contended in its original petition that it was exempt from taxation by section 231 of the Revenue Act of 1918. We have already decided this same contention adversely to the petitioner in its appeals from the Commissioner's determinations of its tax liability for the years 1918 and 1919. See *Appeal of Workingman's Cooperative Association*, 3 B. T. A. 1352. The petitioner admits that the reasoning of that decision would apply with equal force as to the same question for the year 1920. It therefore moved and was permitted to amend its petition. Although the petition and the amended petition do not clearly set forth the petitioner's contention, from a consideration of these papers and the argument presented at the hearing and in the brief, we believe that the petitioner is seeking to deduct some amount from its gross income by virtue of the provision of section 234 (a) (11) of the Revenue Act of 1918, which allows the following deduction:

In the case of corporations issuing policies covering life, health, and accident insurance combined in one policy issued on the weekly premium payment plan continuing for life and not subject to cancellation, in addition to the above, such portion of the net addition (not required by law) made within the taxable year to reserve funds as the Commission finds to be required for the protection of the holders of such policies only.

The petitioner also contends that it did not have gross income within the meaning of section 213 (a) of the Revenue Act of 1918, and in its brief it quotes a portion of that section to support its conten-

tion. We are satisfied that the section, read in its entirety, completely refutes the petitioner's argument.

The by-laws of the corporation provide that its funds, " after the payment of all claims remaining in the hands of the treasurer, shall be credited to the guaranty fund and shall be held in reserve and may be invested by the board of directors on bond and mortgage and keep so invested without declaring a dividend so long as the board shall deem best and for the best interests of the company." A witness stated that no dividend had ever been declared and that all surplus was held in a reserve fund. It appears that some, but not all, of the petitioner's policies covered life, health, and accident insurance combined in one policy. The petitioner's books were not produced or offered in evidence and we do not know what amount was added to its reserve funds during 1920. But were we to assume that all of the income of the year was added to its reserve funds, still we would not be justified in disturbing the determination of the Commissioner, because we do not know what amount, if any, the latter allowed as a deduction under section 234(a)(11) and we have before us no satisfactory evidence of any amount which would be a proper deduction under this provision of the Act.

*Judgment will be entered for the respondent.*

Considered by MORRIS and SIEFKIN.